IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2, 2006 Session

**DARYL KEITH HOLTON v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Bedford County**
**No. 10394     Lee Russell, Judge**

**No. M2005-01870-SC-S10-PD - Filed on May 4, 2006**

AND

**PAUL DENNIS REID, Jr. v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Montgomery County**
**No. 038887     John H. Gasaway, III, Judge**

**No. M2005-02398-SC-S10-PD - Filed on May 4, 2006**

We granted these appeals to determine whether a post-conviction trial court has the authority to consider petitions that are filed by the Post-Conviction Defender but are not verified under oath or signed by the petitioners. In Holton v. State, the post-conviction trial court entered an order staying Holton's execution, appointing counsel, and requiring Holton to meet with counsel and a court-appointed mental health expert. In Reid v. State, the post-conviction trial court entered an order staying Reid's execution, appointing counsel, and staying the post-conviction proceedings. In both cases, the Court of Criminal Appeals denied the State's application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. After reviewing the records and applicable authority, however, we conclude that the post-conviction trial courts did not have the authority to consider the petitions because they had not been signed or verified under oath and because the Post-Conviction Defender did not establish a proper basis to initiate the proceedings as "next friend." Accordingly, the post-conviction trial courts' orders are vacated, and the petitions are dismissed.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission; Orders Entered by the Trial Courts are Vacated and the Petitions for Post-Conviction Relief are Dismissed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Smith, Associate Deputy Attorney General; William Michael McCown, District Attorney General (Holton); and John W. Carney, Jr., District Attorney General, and Arthur Bieber, Assistant District Attorney General (Reid), for the Appellant, State of Tennessee.

Donald E. Dawson, Post Conviction Defender, and Kelly A. Gleason, Assistant Post-Conviction Defender, Nashville, Tennessee, for the Appellee, Daryl Keith Holton.

Kelly A. Gleason, Assistant Post-Conviction Defender, and Nicholas D. Hare, Assistant Post-Conviction Defender, Nashville, Tennessee, for the Appellee, Paul Dennis Reid, Jr.

## OPINION

## BACKGROUND

The appeals in these post-conviction capital cases were consolidated because they involve related questions of law and similar procedural histories. We begin by briefly reviewing the background of each in turn.

### *Holton v. State*

Daryl Holton was convicted of four counts of premeditated first degree murder for killing his four children in 1997. The jury imposed a death sentence for each offense. This Court affirmed the convictions and the death sentences on January 5, 2004, see State v. Holton, 126 S.W.3d 845 (Tenn. 2004), and denied rehearing on February 17, 2004.

On April 29, 2005, the Post-Conviction Defender ("Defender") filed a petition for post-conviction relief challenging Holton's convictions and death sentences in the Circuit Court of Bedford County, Tennessee. The petition conceded that Holton had not filed a post-conviction petition and had not signed or verified the petition filed by the Defender. The petition alleged, however, that the Defender must "contact every death-sentenced individual in Tennessee to ensure that the individual's right to post-conviction review occurs in a timely and thorough manner."

Although the petition was not filed within the one-year statute of limitations, the Defender alleged several concerns about Holton's mental competency. The petition stated that Holton had refused to meet with the Defender, had not responded to counsel's letters, had a history of major depression, and was "quite possibly operating under suicidal motivations." The Defender requested

a hearing to determine whether Holton was mentally competent to forgo post-conviction proceedings and whether mental incompetency may have tolled the one-year statute of limitations.

On May 15, 2005, the post-conviction trial court entered an order staying Holton's execution. After determining that the Defender had a statutory duty to represent Holton, the court entered an order requiring Holton to meet with the Defender and Dr. William Kenner, a court-authorized mental health expert. On July 18, 2005, the post-conviction trial court granted an extension of time for the "filing of a completed [post-conviction] petition."

On August 8, 2005, the State filed an application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The State argued that the post-conviction trial court lacked the authority to consider the petition because it had not been signed or verified under oath by Holton. See Tenn. Code Ann. § 40-30-104(d) (2003). The State also argued that the petition had been filed after the one-year statute of limitations had expired. See id. § 40-30-102(a) (2003). The Defender argued that these issues were waived because they had not been raised and preserved by the District Attorney General.

The Court of Criminal Appeals denied an extraordinary appeal after finding that the post-conviction trial court had not "so far departed from the accepted and usual course of judicial proceedings as to require immediate review." See Tenn. R. App. P. 10. We then granted the State's application for extraordinary review.

## *Reid v. State*

Paul Dennis Reid, Jr., was convicted of two counts of first degree murder for killing two employees at an ice cream store in Clarksville, Tennessee, in April of 1997. The jury imposed a death sentence for each conviction. This Court affirmed the convictions and the death sentences on May 24, 2005. State v. Reid, 164 S.W.3d 286 (Tenn. 2005).

On September 23, 2005, the Defender filed a petition for post-conviction relief challenging Reid's convictions and death sentences in the Circuit Court of Montgomery County, Tennessee. The petition was not signed by Reid, nor had the allegations in the petition been verified under oath by Reid. The petition asserted that the Defender's "firmly held opinion" and "good faith belief" was that Reid was mentally incompetent and unable to verify the petition or otherwise participate in the post-conviction action.

The petition cited mental competency evaluations that had been performed on Reid in prior proceedings, see Reid, 164 S.W.3d at 304-06, as well as competency evaluations related to Reid's separate post-conviction petition pending in Davidson County, Tennessee. In that case, the Davidson County Criminal Court required a prima facie showing of mental incompetency before granting a full competency hearing. Although an interlocutory appeal from the Davidson County post-conviction court's order is now pending before this Court, see Reid v. State, No. M2005-00260-SC-S09-PC, that case is not squarely on point because it involves the issue of whether a post-conviction

action may be prosecuted where the petitioner is allegedly mentally incompetent and not the issue of whether a post-conviction proceeding may be *initiated* without the signature or verification of the petitioner. Moreover, although the Defender filed a motion asking to be appointed as counsel in the present case, the motion was not accompanied by an affidavit of indigency or any allegation that Reid desired counsel.

On September 29, 2005, the trial court granted a stay of Reid's execution and appointed the Defender as counsel for Reid. The trial court also stayed the action in Montgomery County pending the disposition of Reid's mental competency claim related to his post-conviction petition in Davidson County, Tennessee.

The State filed an application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The State argued that the trial court lacked the authority to consider the petition because the petition had not been signed or verified under oath by the petitioner. The State also argued that the trial court failed to make any findings that provided a basis for the Defender to file the petition on behalf of Reid as "next friend" and that there had been no showing of Reid's mental incompetence.

The Court of Criminal Appeals denied an extraordinary appeal, finding that the post-conviction trial court had not "so far departed from the accepted and usual course of judicial proceedings as to require immediate review." See Tenn. R. App. P. 10. We granted the State's application for extraordinary review and thereafter consolidated the appeal with Holton v. State.

## ANALYSIS

Whether a post-conviction action may be initiated on behalf of a death-sentenced inmate who does not sign or verify the post-conviction petition due to alleged mental incompetency is a question of first impression for this Court. Thus, the present appeals differ from those in which a petitioner's effort to withdraw a post-conviction petition resulted in mental competency proceedings. See Pike v. State, 164 S.W.3d 257, 262 (Tenn. 2005). In such cases, unlike the present appeals, post-conviction petitioners properly invoked the jurisdiction of the post-conviction trial court, which then had the authority to conduct appropriate hearings. We now turn to the relevant authorities with these distinctions in mind.

### *Post-Conviction Proceedings*

We begin our review by summarizing relevant aspects of the Post-Conviction Procedure Act. See Tenn. Code Ann. §§ 40-30-101 to -313 (2003). "A post-conviction action is commenced by filing, with the clerk of the court in which [a] conviction occurred, a written petition naming the state as the respondent." Tenn. Code Ann. § 40-30-104(a) (2003).

The petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . ." Id. § 40-30-102(a). There are three statutory exceptions to the one-year statute of limitations: 1) when a claim is based on a constitutional right that has been given retroactive application and was not recognized at the time of trial; 2) when a claim is based upon new scientific evidence establishing actual innocence; and 3) when a claim seeks relief from a sentence that was enhanced because of a previous conviction that was subsequently held to be invalid. Id. § 40-30-102(b)(1)-(3).

The petition "shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all such claims are included." Id. § 40-30-104(d) (emphasis added). The Act further provides:

> The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. The petition and any amended petition shall be verified under oath. Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it.

Id. § 40-30-104(e) (emphasis added).

Although post-conviction relief "shall be granted when [a] conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States," see id. § 40-30-103 (2003), post-conviction review is not *required* by constitutional or statutory principles, even in capital cases. See Pike, 164 S.W.3d at 262; see also Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004). "Like all other inmates, death-sentenced inmates must initiate post-conviction proceedings by filing within the statutorily prescribed time period a petition seeking post-conviction relief." Pike, 164 S.W.3d at 262.

The Post-Conviction Procedure Act clearly requires a petitioner to *initiate* a post-conviction action to seek post-conviction review; the Act does not, however, address whether a post-conviction petition may be filed on behalf of one who has not signed or verified the petition but who is *alleged* to be mentally incompetent. The Defender seeks to answer this question by arguing that its statutory and ethical obligations allow (and even require) the filing of petitions for post-conviction relief on behalf of death-sentenced inmates even without the inmate's signature or verification under oath. See Tenn. Code Ann. §§ 40-30-201 to -210 (2003) ("Post-Conviction Defender Commission Act"). We disagree.

Nothing in the Post-Conviction Defender Commission Act allows the Defender to initiate a post-conviction action on behalf of an inmate who has not signed or verified the post-conviction petition. The Post-Conviction Defender Commission Act states in part:

> It is the primary responsibility of the post-conviction defender to represent . . . any person convicted and sentenced to death in this state <u>who is without counsel and who is unable to secure counsel due to indigency</u> or determined by a state court with competent jurisdiction to be indigent, for the purpose of instituting and prosecuting collateral actions challenging the legality of the judgment and sentence imposed against such person in state court, and who the court determines requires the appointment of counsel.

Tenn. Code Ann. § 40-30-206(a) (2003) (emphasis added). The statute extends only to those who are "unable to secure counsel" and who "the court determines requires the appointment of counsel." <u>Id.</u> There is no statutory basis upon which to use the Post-Conviction Defender Commission Act as a catapult for standing on behalf of one who has neither signed nor verified a post-conviction petition.

The State, on the other hand, answers this question by suggesting that a post-conviction proceeding may never be initiated on behalf of one who has not signed or verified a petition. Again, we disagree. There are numerous recognized instances in which actions may be brought by a guardian or "next friend" on behalf of those who lack the capacity or competency to protect their own legal interests. <u>See</u> Tenn. R. Civ. P. 17.03 (allowing "next friend" to sue on behalf of an infant or incompetent person). Although the State correctly asserts that the Tennessee Rules of Civil Procedure are inapplicable in post-conviction cases, <u>see</u> Tenn. Sup. Ct. R. 28 § 3(B), "next friend" procedures are not limited to Rule 17.03. <u>See</u> <u>Seals v. State</u>, 23 S.W.3d 272, 274 (Tenn. 2000) (noting that a post-conviction petition was filed by "next friend" on behalf of an inmate who was alleged to be mentally incompetent); <u>see also</u> <u>State v. Ross</u>, 863 A.2d 654, 668 (Conn. 2005) (applying "next friend" to post-conviction proceedings under common law); <u>Commonwealth v. Haag</u>, 809 A.2d 271, 279-80 (Pa. 2002) (applying "next friend" under common law).

Accordingly, given the dearth of explicit authority in Tennessee to resolve the issues before us, we turn to other jurisdictions for guidance.

### *Collateral Proceedings Initiated by "Next Friend"*

In applying federal habeas corpus procedures, the United States Supreme Court has recognized that a "next friend" may "appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 162 (1990). The Court explained that a "next friend" does not "become a party to the habeas corpus action . . . but simply pursues the cause on behalf of the detained person, who remains the real party in interest." <u>Id.</u> at 163. The Court emphasized, however, that there are two prerequisites for standing as a "next friend":

> First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the

real party in interest cannot appear on his own behalf to prosecute the action. . . . Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . ., and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Id. at 163-64 (citations omitted); see also Rees v. Peyton, 384 U.S. 312, 314 (1966) (establishing standard for allowing petitioner to withdraw petition for certiorari).

In Demosthenes v. Baal, 495 U.S. 731 (1990), the Court concluded that an additional hearing was not required to determine that an inmate's parents failed to establish "next friend" status based on mental incompetency. There, the inmate filed but then withdrew a state post-conviction petition after testifying that he elected to withdraw the petition even though he knew he would be executed. After several mental health professionals testified that the inmate was mentally competent, the state post-conviction court concluded that the inmate had made a voluntary and intelligent decision to withdraw his petition. Id. at 732-33. Although the inmate's parents then filed a petition for federal habeas corpus relief as the inmate's "next friend," the only additional evidence filed with the petition was an affidavit of a psychiatrist who stated "there is reason to believe this person may not be competent to waive his legal remedies." Id. at 735-36. The United States Supreme Court held that the District Court properly denied the request for additional competency proceedings because the additional evidence was "conclusory" and there was an "absence of any 'meaningful' evidence of incompetency." Id. at 736.

The principles in Whitmore and Demosthenes have been applied in numerous federal cases similar to the case before us. In West v. Bell, 242 F.3d 338 (6th Cir. 2001), for instance, attorneys who represented a death-row inmate in state post-conviction proceedings tried to initiate federal habeas corpus proceedings by filing a motion for appointment of counsel and a motion to stay the execution. Although the inmate twice answered "No, Sir," when asked if he wanted to file a habeas corpus petition, the attorneys sought permission to conduct further investigation into the inmate's mental competency. Id. at 340-41. After emphasizing that the inmate had not himself initiated proceedings, the Sixth Circuit held that the attorneys had not demonstrated standing under "next friend" principles because they had not shown that the inmate was mentally incompetent:

At most, counsel have shown some conceivable difficulties in [the inmate's] mental health, but no evidence that . . . the prisoner does not have "capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or . . . suffer[s] from a mental disease, disorder, or defect which may substantially affect his capacity in the premises."

Id. at 341 (quoting Rees, 384 U.S. at 314).

-7-

Although not in the same procedural context, this Court cited West with approval in an unpublished order filed on April 22, 2003. State v. Reid, No. M1999-00803-SC-DDT-DD (filed April 22, 2003). In that order, a majority of this Court denied a motion for stay of execution filed by defense counsel on behalf of Paul Dennis Reid, Jr., after Reid indicated that he wanted to withdraw his post-conviction petition in Davidson County. We stated that Reid "clearly indicated that he has no desire to pursue any post-conviction remedies" and that the motion filed by counsel, which included the affidavit of a psychologist, did not "present any truly new factual assertions that call into doubt Mr. Reid's present capacity to understand his legal position and options or to make a rational choice among these options." Id. at 3 (citing West, 242 F.3d at 342-43). As noted earlier, however, the Davidson County case with regard to Reid's mental competency is before this Court in a separate appeal.

Similarly, in Brewer v. Lewis, 989 F.2d 1021 (9th Cir. 1993), the Court held that an inmate's mother had failed to demonstrate "next friend" status because the evidence failed to present "'meaningful evidence that [the inmate] was suffering from a mental disease, disorder, or defect that substantially affected his capacity to make an intelligent decision.'" Id. at 1026 (quoting Whitmore, 495 U.S. at 166)). The Court emphasized that the evidence consisted of affidavits of mental health experts who had never met with or evaluated the inmate and one expert who stated that the inmate's mental condition "may" have worsened while incarcerated. Id. at 1026-27. The Court also emphasized that four mental health experts had found the inmate mentally competent in the prior two and one–half months. Id.

State supreme courts have reached similar conclusions with respect to "next friend" status. In Ross, for example, the Connecticut Supreme Court applied Whitmore and Demosthenes in concluding that a public defender was not entitled to participate as "next friend" in pursuing collateral review on behalf of an inmate. In that case, the defendant tried to waive collateral review of his convictions and death sentence. The trial court held an extensive hearing and concluded that the defendant had made a knowing, voluntary, and intelligent waiver. The public defender tried to appear as next friend and participate in the competency hearings by asserting additional allegations of mental incompetency. The Court said:

> We conclude that the [public defender] has not presented any meaningful evidence that the defendant is incompetent . . . . In the absence of such evidence, the [public defender] is not entitled to an evidentiary hearing at which it may attempt to establish the defendant's incompetence and its standing to appear as the defendant's next friend under Whitmore . . . .

Ross, 863 A.2d at 673 (citations omitted); see also Franz v. State, 754 S.W.2d 839, 840-41 (Ark. 1988) (overruled on other grounds by State v. Robbins, 5 S.W.3d 51, 55 (Ark. 1999) (adopting two-prong test for proceeding as next friend); Haag, 809 A.2d at 278-79 (adopting Whitmore for proceeding as next friend).

-8-

The foregoing principles are consistent with our analogous decisions regarding the mental competency of a post-conviction petitioner. In <u>Seals</u>, 23 S.W.3d at 279, a next friend initiated a post-conviction petition on behalf of an inmate and sought to toll the one-year statute of limitations. Although the "next friend" procedure was not contested in that case, we held that due process requires tolling of the statute of limitations if mental incompetence deprives a petitioner of a reasonable opportunity to pursue post-conviction relief. <u>Id.</u>

We later clarified that in order to toll the statute of limitations for filing a post-conviction petition, a prima facie showing of mental incompetency requires more than conclusions or assertions and instead requires "specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities." <u>State v. Nix</u>, 40 S.W.3d 459, 464 (Tenn. 2001). We stated that "[t]he required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence." <u>Id.</u> We further explained:

> While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

<u>Id.</u>

Although not strictly in a post-conviction sense, this Court has adopted similar standards in enforcing the long-existing principle that a mentally incompetent inmate may not be executed under the United States and Tennessee Constitutions. <u>See</u> <u>Van Tran v. State</u>, 6 S.W.3d 257, 262 (Tenn. 1999). In <u>Van Tran</u>, we held that a prima facie claim regarding an inmate's present mental incompetency requires evidence of the inmate's present mental incompetency and not simply unsupported assertions of mental incompetency. <u>Id.</u> at 269; <u>see also</u> <u>Thompson v. State</u>, 134 S.W.3d 168, 177 (Tenn. 2004). As we explained in <u>Van Tran</u>:

> [W]e adopt a rule that places the burden on the prisoner to make a threshold showing that he or she is presently incompetent. This burden may be met by the submission of affidavits, depositions, medical reports, or other credible evidence sufficient to demonstrate that there exists a genuine question regarding petitioner's present competency. In most circumstances, the affidavits, depositions, or medical reports attached to the prisoner's petition should be from psychiatrists, psychologists, or other mental health professionals. . . .

> If the trial court is satisfied there exists a genuine disputed issue regarding the prisoner's present competency, then a hearing should be held.

6 S.W.3d at 269.

We believe that a similar process is appropriate in determining whether a petition for post-conviction relief may be filed by a "next friend" on behalf of an inmate who has not signed the petition or verified the allegations under oath. A prima facie showing to file a post-conviction petition as "next friend" requires evidence of an inmate's present mental incompetency "by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence." Nix, 40 S.W.3d at 464. Mere assertions or allegations of past or present mental incompetency are not sufficient; instead, the supporting evidence must satisfy the standard required in determining whether mental incompetency may toll the post-conviction statute of limitations. See id. If a prima facie showing is satisfied, and if there is likewise a showing that the putative next friend is acting in the best interests of the petitioner, see Whitmore, 495 U.S. at 166, additional hearings may be held for a determination of mental competency. Nix, 40 S.W.3d at 464. With these principles in mind, we will examine the petitions filed by the Defender on behalf of Holton and Reid.

### *Application to <u>Holton v. State</u>*

The petition filed by the Defender on behalf of Daryl Holton was insufficient on its face for several reasons. First, the petition was not signed by Holton, and the claims in the petition were not verified under oath by Holton. Tenn. Code Ann. § 40-30-104(d) and (e). Second, the petition was filed after the one-year statute of limitations had expired. Id. § 40-30-102(a). Finally, the petition did not allege a statutory exception to the statute of limitations. Id. § 40-30-102(b).

In addition, the petition filed by the Defender on behalf of Daryl Holton failed to establish a basis for allowing the Defender to proceed as "next friend." The Defender's assertions regarding Holton's failure to meet with counsel and his failure to return letters fell short of demonstrating that Holton is mentally incompetent. See Nix, 40 S.W.3d at 464. In addition, the trial court did not make findings as to the Defender's standing to proceed as "next friend." See Whitmore, 495 U.S. at 166.

As a result, we hold that the post-conviction trial court lacked the authority to consider the petition filed on behalf of Holton where the petition was not signed or verified by Holton and where the Defender failed to establish a "next friend" basis upon which to proceed. It follows that the post-conviction trial court lacked the authority to enter orders requiring Holton to meet with counsel and a court-appointed mental health expert. We therefore vacate the order and dismiss the petition.

*Application to <u>Reid v. State</u>*

Likewise, the petition filed by the Defender on behalf of Paul Dennis Reid, Jr., was insufficient on its face. The petition was not signed by Reid, and the claims in the petition were not verified by Reid under oath. Tenn. Code Ann. § 40-30-104(d) and (e).

In addition, the petition filed by the Defender on behalf of Reid failed to establish a basis for allowing the Defender to proceed as "next friend." Reid has never been found mentally incompetent by any court, despite his history of mental illness. <u>See</u> <u>Reid</u>, 164 S.W.3d at 304-06. Although the petition made reference to mental competency hearings that are ongoing in Reid's separate post-conviction proceedings in Davidson County, Tennessee, those records are not part of this record and, in any event, do not establish a prima facie case of Reid's present incompetency in this action. Moreover, the petition filed by the Defender in this case did not make a prima facie showing of Reid's alleged current mental incompetency, and the trial court did not make any findings as to the Defendant's "next friend" status. As a result, there was no basis upon which to allow the Defender to proceed on behalf of Reid as "next friend."

Accordingly, we hold that the post-conviction trial court lacked the authority to consider the petition filed on behalf of Reid where the petition was not signed or verified by Reid and where the Defender failed to establish a "next friend" basis upon which to proceed. We therefore vacate the trial court's order and dismiss the petition.

**CONCLUSION**

After reviewing the records and applicable authority, we conclude that the post-conviction trial courts did not have the authority to consider the post-conviction petitions filed by the Defender because they had not been signed or verified under oath by the petitioners and because the Defender did not establish a proper basis upon which to initiate the proceedings as "next friend." Accordingly, the orders are vacated, and the petitions are dismissed. It appearing that Holton and Reid are incarcerated and indigent, costs of the appeals are taxed to the State.

_____
E. RILEY ANDERSON, JUSTICE