# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. CHRISTINA KAY DEERING

**Appeal from the Circuit Court for Jefferson County**
**No. 21985      O. Duane Slone, Judge**

---

**No. E2009-01572-CCA-R3-PC - Filed May 11, 2010**

---

The petitioner, Christina Kay Deering, appeals from the Jefferson County Circuit Court's dismissal of a petition for post-conviction relief filed on her behalf by her mother, Melissa Deering. The State has moved to have this court summarily affirm the dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant the motion and affirm the order of dismissal pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., J.J., joined.

Christina Deering, appellant, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On November 26, 2008, the petitioner's mother, Melissa Deering, filed a petition for post-conviction relief on behalf of the petitioner, and without the benefit of counsel, which was neither signed nor verified by the petitioner. The petition challenged the petitioner's convictions for driving under the influence (DUI) and domestic assault. According to the petition, the petitioner pled guilty to these offenses as a result of ineffective assistance on the part of her court-appointed trial counsel. The petition asserts that the petitioner suffers from panic attacks, claustrophobia and severe and chronic depression. The petition also states: "Christina does not comprehend much."

The post-conviction court dismissed the petition on grounds that the petitioner's mother lacked standing to file the petition on the petitioner's behalf. The petitioner timely filed a Notice of Appeal from the post-conviction court's dismissal of the petition. The Notice of Appeal is signed by the petitioner.

The State argues that this court should summarily affirm the order of dismissal for several reasons. First, the petition was neither signed nor verified by the petitioner as required by Tenn. Code Ann. § 40-30-104(d). Second, the petition contained no allegation that the petitioner was unable or incapable of signing or verifying the allegations made in the petition such that the petition could be filed on her behalf by her mother. Third, the petition does not indicate that the petitioner was assisted by a licensed attorney in drafting the petition. Instead, the petition clearly indicates that it was filed on the petitioner's behalf by her mother, who is not a licensed attorney.

In a response to the State's motion, which was signed by the petitioner but clearly prepared by her mother, the petitioner concedes that her mother is not a licensed attorney. However, the response asserts that both the petitioner and her mother were misled by the Board of Professional Responsibility into believing that it was not necessary to have an attorney file the petition on behalf of the petitioner because an attorney would be appointed to represent her after the petition was filed, if she was indigent.

The Post-Conviction Procedure Act of 1995 provides that a petition for post-conviction relief may only be filed by "a person in custody under a sentence of a court of this state." Tenn. Code Ann. § 40-30-102(a). The petition must be signed and verified by the petitioner under oath. See Tenn. Code Ann. § 40-30-104(d). A petition may be filed without the benefit of an attorney; however, if the petitioner obtains drafting assistance or advice regarding the filing of the petition, he or she must provide the name of the licensed attorney providing such assistance or advice in the petition. See Tenn. Code Ann. § 40-30-104(f).

The petition in this case was not filed by the petitioner, nor was it signed or verified by her.[1] Instead, the petition was drafted and filed by the petitioner's mother, an individual who is not licensed to practice law. The State concedes in the motion for

---

[1]We note that the petitioner filed a document, after the post-conviction court dismissed the petition but before she filed her Notice of Appeal, entitled "Pauper's Oath" in which attested under oath that she was "justly entitled to [the] relief sought, to the best of her belief." We cannot accept this sworn statement as a cure to the lack of verification in the petition because this document is not a verification of the truthfulness of the statements made by the petitioner's mother in the petition. Cf. Charles Montague v. State, No. E2000-01330-CCA-R3-PC, slip op. at 2-3 (Tenn. Crim. App., Knoxville, Sept. 4, 2001) (concluding that swearing to having knowledge of the allegations contained within a petition for post-conviction was insufficient to satisfy the requirement that the petitioner swear to the truthfulness of the allegations in the petition).

summary affirmance that, in accordance with the statute, a judge may provide a *pro se* petitioner with leave to amend a defective petition before dismissing it based on the defects. See Tenn. Code Ann. § 40-30-106(d). The State also concedes that it is generally considered an abuse of discretion for a post-conviction court to summarily dismiss a petition, without granting leave to amend, solely on the basis that it is not verified under oath. See, e.g., Jerry Timberlake v. State, No. W2008-000370-CCA-R3-PC, slip op. at 3-4 (Tenn. Crim. App., Jackson, Feb. 5, 2009). However, as the State asserts in its motion, the lack of verification was not the only or most glaring defect present in this case.

The petition was filed and signed by a non-lawyer, on behalf of the petitioner, without any assertion that the petitioner was mentally incompetent at the time the petition was filed. While a petition for post-conviction relief may be filed by a "next friend" on behalf of a petitioner who has not signed the petition or verified its allegations under oath, such a petition cannot be considered unless it makes a prima facie showing of the petitioner's "present mental incompetency 'by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.'" Holton v. State, 201 S.W.3d 626, 634 (Tenn. 2006). "Mere assertions or allegations of past or present mental incompetency are not sufficient." Id.

The petition in this case contains allegations about the petitioner's poor mental health and limited mental capacity. However, it neither alleged nor demonstrated through any attached documentation that the petitioner was mentally incompetent at the time the petition was filed. As such, the petition was properly dismissed by the post-conviction court. See id. at 636 (dismissing "next friend" petitions for post-conviction relief, which had neither been signed nor verified by the capital petitioners on whose behalf they had been filed, because said petitions failed to establish a proper basis upon which the proceedings could be initiated by the "next friend"). The State's motion is therefore granted and the order dismissing the petition for post-conviction relief is summarily affirmed. This disposition renders moot all pending motions filed by the petitioner.

_____
NORMA MCGEE OGLE, JUDGE