# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 2, 2014

## JEFFERSON LAWTON FREEMAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henry County**
**No. 40CC1-2010-CR-14758      Donald E. Parish, Judge**

---

**No. W2014-00605-CCA-R3-PC  - Filed January 14, 2015**

---

The Petitioner, Jefferson Lawton Freeman, appeals as of right from the Henry County Circuit Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by summarily dismissing his petition for having been untimely filed. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Jefferson Lawton Freeman, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Hansel Jay McCadams, District Attorney General; and Scott Rich, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner entered a "best interest" guilty plea pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), to a charge of voluntary manslaughter and received a sentence of fifteen years as a Range III, persistent offender. The judgment form was entered by the trial court on October 11, 2011. The Petitioner filed a timely pro se petition for post-conviction relief on February 24, 2012. Counsel was appointed and several amendments to the petition were filed, as well as numerous other motions. However, on January 11, 2013, the Petitioner filed a motion to withdraw his petition for post-conviction relief.

The Petitioner's motion stated that he met with his counsel repeatedly and "discussed the various constitutional and other legal merits of [his] case." The motion further stated that

counsel had provided the Petitioner with "written material to further assist [him] in understanding [his] case." The motion stated that counsel and the Petitioner had "discussed the various benefits and detriments associate[d] with" withdrawing the petition. The motion concluded, "Being fully advised of my legal rights in this action, it is my wish to withdraw my [p]etition for [p]ost[-][c]onviction [r]elief." The motion was signed by both the Petitioner and his counsel.

The post-conviction court issued a written order on January 11, 2013, "allowing the withdrawal of a petition for post-conviction relief." In the order, the post-conviction court found that, "based on testimony of the Petitioner, statements of counsel for the Petitioner as well as statements from the Assistant District Attorney and the record as a whole," the Petitioner had "been adequately represented" in the matter and had "been made aware of all [c]onstitutional and [s]tatutory [r]ights associated with [the] proceedings." The order further stated that the Petitioner suffered "from [a] mental disease or defect," but that "after extensive questioning of the Petitioner," the post-conviction court concluded that he had "made a knowledgeable and informed choice to withdraw" his petition.

On January 9, 2014, the instant petition for post-conviction relief was delivered to prison officials in the prison mail room by the Petitioner. The petition was filed in the post-conviction court on February 7, 2014. On February 21, 2014, the post-conviction court entered a written order summarily dismissing the petition as being untimely filed. The order stated that the Petitioner's previous petition was withdrawn "in open court, with the assistance of counsel and after a thorough examination in which [the Petitioner] personally expressed his desire to do so." In addition to finding that the petition had been untimely filed, the order also stated that the petition was "an improper second petition for post-conviction relief." The Petitioner filed a timely notice of appeal.

On appeal, the Petitioner contends that the post-conviction court erred by summarily dismissing his petition as being untimely filed. The Petitioner argues that the withdrawal of his original petition tolled the statute of limitations and gave him one year to file a new petition for post-conviction relief. The State responds that the Petitioner's withdrawal of his original petition did not toll the statute of limitations and that his time to file a petition for post-conviction relief expired on October 11, 2012, one year after his judgment of conviction was entered.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one

(1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). "[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Id. "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b).

A petitioner "may withdraw a petition at any time prior to the hearing without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations . . . ." Tenn. Code Ann. § 40-30-109(c) (emphasis added). Furthermore, the Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a). The Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which apply to the Petitioner's case. See Tenn. Code Ann. § 40-30-102(b).

In addition to the statutory circumstances listed above, our supreme court has held that due process principles may require tolling the statute of limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24. The Petitioner does not claim that any of these circumstances justify tolling the statute of limitations in this case.

The post-conviction court's order allowing the Petitioner to withdraw his original petition stated that the Petitioner suffered from a "mental disease or defect" but that he was competent to withdraw his petition for post-conviction relief. A petitioner seeking to toll the statute of limitations due to mental incompetence "must make a prima facie showing that [he] is incompetent by submitting 'affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.'" Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 512-13 (Tenn. 2013) (quoting Holton v. State, 201 S.W.3d 626, 632 (Tenn. 2006)). "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001), overruled on other grounds, Reid, 396 S.W.3d at 512 ; see also Tenn. Code Ann. § 40-30-106(b),(f). The Petitioner did not attach any such supporting material to his second petition for post-conviction relief. As such, we agree with the State that the statute of limitations expired on October 11, 2012, and affirm the post-conviction court's summary dismissal of the instant petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE