IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2015

## MICHAEL SCOTT FARNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Polk County**
**No. 13-CR-093      Andrew M. Freiberg, Judge**

_____

**No. E2014-02165-CCA-R3-PC – Filed August 7, 2015**

_____

The Petitioner, Michael Scott Farner, appeals as of right from the Polk County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by summarily dismissing his petition for having been untimely filed. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Michael Scott Farner, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Stephen D. Crump, District Attorney General; and M. Drew Robinson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

In 1988, the Petitioner pled guilty to one count each of second degree murder, "assault with intent to commit first degree murder," and "second degree" burglary, for all of which he received an effective sentence of seventy-six years. See State v. Michael Scott Farner, No. 03C01-9705-CR-00166, 1998 WL 612891 (Tenn. Crim. App. Sept. 15, 1998). The factual basis for the Petitioner's guilty pleas was as follows: In 1987, the Petitioner, who was born deaf and mute, broke into the home of Andrew and Agnes Danisewicz. The Petitioner forced Ms. Danisewicz into the bathroom with a hunting knife and directed her to undress. When she refused, the Petitioner stabbed Ms.

Danisewicz four times. Mr. Danisewicz, who had been out walking their dog, returned home to find the Petitioner attacking his wife. The Petitioner turned to Mr. Danisewicz, stabbing him seventeen times and killing him.

After his arrest, the Petitioner gave a statement to the police "through the means of an interpreter." Farner, 1998 WL 612891, at *1. The Petitioner stated that "he was mad on the day of the murder, because his mother had made him leave home" and that he had spent the day drinking beer. The Petitioner told the police that after drinking twelve beers, he went to the victims' home "with the intent to kill them, because he felt that they always looked at him like they were mad at him." Id.

The Petitioner initially did not appeal his convictions or sentences. See Farner, 1998 WL 612891, at *1. In 1992, the Petitioner filed a pro se petition for writ of habeas corpus in federal court, which was ultimately dismissed. After the habeas corpus petition was dismissed, the Petitioner filed a motion for a delayed appeal to challenge the length and consecutive nature of his sentences, which was granted. In an opinion filed in 1998, this court affirmed the Petitioner's sentences. Id. In 1999, our supreme court declined to review this court's opinion.

In 2011, the Petitioner filed a pro se petition for writ of habeas corpus alleging "that his judgments were void because his mental and physical handicaps prevented him from knowingly, voluntarily, and intelligently entering pleas of guilty." Michael Scott Farner v. David Sexton, Warden, No. E2011-01636-CCA-R3-HC, 2012 WL 3263115, at *1 (Tenn. Crim. App. Aug. 10, 2012), perm. app. denied (Tenn. Dec. 12, 2012). The habeas corpus court summarily dismissed the petition for failure to state a cognizable claim, and this court affirmed the dismissal on direct appeal. Id.

On May 17, 2013, the Petitioner filed a petition for post-conviction relief raising similar claims to those brought in his petition for writ of habeas corpus. In arguing that the statute of limitations should be tolled, the petition stated that the Petitioner's mental incompetence prevented him from complying with the statute of limitations. According to the petition, the Petitioner suffered from "both physical and mental handicaps," was "functionally illiterate," had "never regularly attended [any form of] school," did not know American Sign Language, and suffered "extreme problems communicating with others." The petition further stated that the Petitioner was only able to engage in recent pro se litigation with the assistance of an "inmate helper."

After receiving the petition, the post-conviction court appointed the Petitioner counsel to investigate the Petitioner's claim of incompetence and to file an amended petition if needed. However, the Petitioner filed a pro se motion to have counsel removed, and the State filed a response seeking to have the petition dismissed for being untimely filed. On October 22, 2014, the post-conviction court entered a written order

dismissing the petition. The post-conviction court found that the Petitioner failed to make a prima facie showing supporting his claim of mental incompetence. The post-conviction court stated that the "only documentation supporting the Petitioner's claims" was a letter from a prison employee stating that the Petitioner "has had problems communicating with other inmates."[1] As such, the post-conviction court concluded that the petition was time-barred.

The Petitioner timely appealed to this court and, after the submission of the appellate briefs, filed a motion that we take judicial notice of the record from his direct appeal. See Tenn. R. App. P. 13(c); State ex rel. Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964). The direct appeal record belies numerous claims made in the petition for post-conviction relief and the Petitioner's appellate briefs. Included in the direct appeal record was a competency evaluation dated December 21, 1987, which found that the Petitioner was competent to stand trial and that he was not insane at the time of the offenses. The report stated that the Petitioner was able to communicate with the evaluators through an interpreter and that the Petitioner did not suffer from any sort of mental illness.

The report also stated that the Petitioner attended the Tennessee School for the Deaf from the time he was eight until he turned eighteen. There are numerous references throughout the record of the Petitioner being able to communicate with the assistance of an interpreter, and the evaluation report stated that the evaluators' inability to fully assess the Petitioner was due to "his lack of cooperation." At the hearing on the Petitioner's motion for a delayed appeal, the trial court stated that the transcript of the Petitioner's plea submission hearing[2] reflected that "every effort was made by both the [c]ourt and by defense counsel to insure the [Petitioner] fully understood . . . what was going on." The trial court stated that an interpreter was used at the plea submission hearing and that there were other "deaf and [mute people]" with the [Petitioner] to help insure" that the interpreter understood the Petitioner.

## ANALYSIS

On appeal, the Petitioner contends that the post-conviction court erred in summarily dismissing his petition for post-conviction relief. The Petitioner argues that the statute of limitations should be tolled due to his mental incompetence. In support of this argument, the Petitioner attached several affidavits from fellow inmates and prison employees to his brief. The Petitioner also argues that the post-conviction court erred by dismissing the petition without holding "a due process hearing" or allowing him to

---

[1] This letter was not included in the appellate record for our review.

[2] A copy of the transcript from the Petitioner's plea submission hearing was not included in the direct appeal record.

amend his petition. The Petitioner further argues that he received ineffective assistance of counsel from the attorney initially appointed to assist him in this matter. The State responds that the post-conviction court properly dismissed the petition for being untimely filed. The State has failed to respond to the Petitioner's last two arguments.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, it is undisputed that the Petitioner filed his petition well outside the one-year statute of limitations.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). Here, the Petitioner claims that the statute of limitations should be tolled because his mental incompetence prevented him from complying with the statute of limitations.

The standard of competency is whether the petitioner possessed the capacity to appreciate his position and "make a rational choice with respect to continuing or abandoning further litigation" or whether the petitioner was suffering from "a mental disease, disorder, or defect" that substantially affected his capacity. Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 512-13 (Tenn. 2013) (quoting Tenn. Sup. Ct. R. 28, § 11(B)(1)). The post-conviction court should begin with a presumption that the petitioner is competent. Id. at 512.

The petitioner "must make a prima facie showing that [he] is incompetent by submitting 'affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.'" Reid, 396

-4-

S.W.3d at 512 (quoting <u>Holton v. State</u>, 201 S.W.3d 626, 632 (Tenn. 2006)). "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." <u>State v. Nix</u>, 40 S.W.3d 459, 464 (Tenn. 2001), <u>overruled on other grounds</u>, <u>Reid</u>, 396 S.W.3d at 512; <u>see</u> Tenn. Code Ann. § 40-30-106(b), (f).

Here, the Petitioner failed to make a prima facie showing that his alleged mental incompetency prevented him from complying with the statute of limitations. The Petitioner failed to attach any affidavits, depositions, medical reports, or other credible evidence to his petition. The only document the post-conviction court listed as being attached to the petition was a letter merely stating that the Petitioner "has had problems communicating with other inmates." Furthermore, the record from the Petitioner's direct appeal belies the claims made in his petition and on appeal. With respect to the affidavits attached to the Petitioner's appellate briefs, this court is prevented from considering facts not established in the record absent certain narrow exceptions that do not apply to the affidavits. <u>See</u> Tenn. R. App. P. 13(c). Accordingly, we conclude that the post-conviction court did not err in summarily dismissing the petition.

Regarding the Petitioner's claim that the post-conviction court erred by not holding a "due process hearing" or allowing him to amend his petition, the Act provides that, as is the case here, "[i]f it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). A hearing on a petitioner's mental competency is only warranted when the petition and the attached documents have made a prima facie showing of incompetency. <u>Reid</u>, 396 S.W.3d at 512. Because the Petitioner failed to make such a prima facie showing, the post-conviction court was statutorily required to dismiss his petition without a hearing or an opportunity to amend the petition.

With respect to the Petitioner's claim that counsel appointed to assist him in this post-conviction matter was ineffective, we note that it is well established that there is "no constitutional right to counsel in post-conviction proceedings"; therefore, "there is no constitutional right to effective assistance of counsel in post-conviction proceedings." <u>House v. State</u>, 911 S.W.2d 705, 712 (Tenn. 1995). Accordingly, this issue has no merit.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-5-