# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 21, 2016

## CHRISTOPHER LEWIS v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Putnam County
No. 100875   David A. Patterson, Judge
_____

### No. M2015-01198-CCA-R3-PC – Filed October 31, 2016
_____

The petitioner, Christopher Lewis, appeals the dismissal of his petition for post-conviction relief in which he challenged his second degree murder conviction and resulting fifteen-year sentence.  On appeal, the petitioner contends that the post-conviction court erred in summarily dismissing the petition due to various deficiencies in the petition.  Following our review of the record and the applicable law, we conclude that the post-conviction court erred in summarily dismissing the petition for post-conviction relief without first providing the petitioner with the opportunity to correct the deficiencies.  Accordingly, we reverse the judgment of the post-conviction court and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Remanded

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE. J., joined.  TIMOTHY L. EASTER, J., filed a concurring opinion.

Robert L. Sirianni, Jr., Winter Park, Florida, for the appellant, Christopher Lewis.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Beth Elana Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In May 2012, a jury convicted the petitioner of the second degree murder of his wife, Amy Lewis.  The trial court imposed a fifteen-year sentence.  This court affirmed the petitioner's conviction on direct appeal.  *See State v. Christopher Lewis*, No. M2013-

00212-CCA-R3-CD, 2013 WL 6199278, at *1 (Tenn. Crim. App. Nov. 27, 2013), *perm. app. denied* (Tenn. Apr. 10, 2014).

On April 6, 2015, the petitioner, through counsel, filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. On April 8, 2015, the post-conviction court entered an order dismissing the petition. The court found that

> the petition is insufficient on its face as it is not signed by the Petitioner, and the claims made therein are not verified under oath by the Petitioner. Further, the petition is not signed by the Petitioner's attorney and the Petitioner's attorney has failed to sign the Certificate of Service attached to the petition, verifying that the Petition for Post[-]Conviction Relief is properly certified.
>
> This Court lacks authority to consider the petition filed on behalf of Christopher Lewis as it has not been signed and as its claims are not verified.

The petitioner filed an untimely notice of appeal. This court subsequently entered an order waiving the timely filing of the notice of appeal.

## ANALYSIS

The petitioner contends that the post-conviction court erred in dismissing his petition without first granting him the opportunity to remedy the deficiencies. The State responds that the post-conviction court properly dismissed the petition.

A petition for post-conviction relief and any amended petition "shall be verified under oath." T.C.A. § 40-30-104(e); *see* Tenn. Sup. Ct. R. 28 § 5(E)(2) (requiring that a post-conviction petition include an affidavit from the petitioner). "It is imperative that factual allegations be made and that the petition be verified as true under oath." *Hutcherson v. State*, 75 S.W.3d 929, 931 (Tenn. Crim. App. 2001). The purpose of this requirement is to "deter or to reduce intentionally false allegations primarily made by petitioners by exposing them to aggravated perjury charges," which ultimately results in a more efficient use of the judicial system. *Sexton v. State*, 151 S.W.3d 525, 530 (Tenn. Crim. App. 2004). "Whether prepared by a petitioner or by counsel, the petition and its amendments must be verified under oath." *Id.*

The petitioner asserts that on May 15, 2015, he filed a "corrected" post-conviction petition that was verified under oath. He references a copy of a petition for post-

2

conviction relief that he attached to a pleading filed in this court. The petition, however, is not stamped as filed by the trial court clerk and is not included in the appellate record. This court cannot consider documents attached to pleadings and briefs filed in this court but not included in the appellate record. *See State v. Derek Gene Clark*, No. E2014-01142-CCA-R3-CD, 2015 WL 3563490, at *4 (Tenn. Crim. App. June 9, 2015) (citations omitted) *no perm. app. filed*. Accordingly, we may not consider the "corrected" petition. Moreover, we note that the petition's purported filing date of May 15, 2015, was more than thirty days after the trial court entered its order of dismissal.

Although the petitioner's counsel prepared the petition for post-conviction relief, the petitioner was required to verify the petition under oath but failed to do so. "Petitions which are incomplete shall be filed by the clerk, but shall be completed as set forth in an order entered in accordance with § 40-30-106(d)." T.C.A. § 40-30-104(b). Tennessee Code Annotated section 40-30-106(d) provides that if "the petition was filed pro-se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." Furthermore, "[n]o pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. S. Ct. R. 28 § 6(B)(4)(b). While these provisions relate to pro se petitioners, this court has recognized a post-conviction court's authority to allow a petitioner the opportunity to correct a petition that had been filed by counsel and had not verified by the petitioner. *See Sexton*, 151 S.W.3d at 530 (concluding that the petitioner's failure to verify under oath an amended petition prepared by counsel did not limit the petitioner's claims raised in the amended petition when the post-conviction court did not notify the petitioner of the deficiency until the evidentiary hearing, the petitioner verified previous pleadings under oath, the court "easily could have allowed the petitioner to verify" the amended petition, and the court heard sworn testimony from the petitioner and trial counsel relative to the claims raised in the amended petition).

We recognize that in *Holton v. State*, 201 S.W.3d 626, 635 (Tenn. 2006), the Tennessee Supreme Court held that the post-conviction court lacked the authority to consider a post-conviction petition filed on behalf of the petitioner by the Office of the Post-Conviction Defender where the petition was not signed or verified by the petitioner. In *Holton*, however, counsel sought to file the petition as a "next friend" without the express permission of the petitioner; the petitioner was opposed to the petition; and our supreme court held that counsel failed to establish a "next friend" basis upon which to proceed. *Holton*, 201 S.W.3d at 635. In the present case, however, the record does not establish that counsel filed the petition as a "next friend" without the petitioner's permission, and neither party has raised this claim on appeal.

3

Two days after the petitioner filed his petition, the post-conviction court entered an order summarily dismissing the petition. Prior to the dismissal, the petitioner was not notified of the deficiencies, and the post-conviction court did not provide the petitioner with the opportunity to correct the deficiency by verifying the petition under oath. We conclude that under the circumstances of this case, the post-conviction court should have granted the petitioner the opportunity to correct the problem and erred by failing to do so.

Counsel for the petitioner also failed to sign the petition and file a certificate of counsel in accordance with Tennessee Supreme Court Rule 28, section 6(C)(3). "If retained counsel has prepared or assisted in preparing the initial petition and intends to represent petitioner, counsel shall sign the initial petition and shall file [a] certificate of counsel." Tenn. Sup. Ct. R. 28, § 6(C)(4). Retained counsel must certify that he or she (1) has "thoroughly investigated the possible constitutional violations alleged by petitioner ... and any other ground that petitioner may have for relief"; (2) has "discussed other possible constitutional grounds with petitioner"; (3) has "raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law which petitioner has"; and (4) is "aware that any ground not raised shall be forever barred ... and ha[s] explained this to petitioner." Tenn. Sup. Ct. R. 28, § 6(C)(3), app. C; *see Frazier v. State*, 303 S.W.3d 674, 681 (Tenn. 2010). Post-conviction counsel functions "not to protect [petitioners] from the prosecutorial forces of the State, but to shape their complaints into the proper legal form and to present those complaints to the court." *Frazier*, 303 S.W.3d at 682 (quoting *People v. Owens*, 564 N.E.2d 1184, 1190 (1990)). These rules "set forth a minimum standard of service to which post-conviction counsel is held." *Id.* at 681. Appointed counsel who fails to comply with Rule 28, § 6(C) may be denied compensation. Tenn. Sup. Ct. R. 28, § 6(C)(5). The Rule, however, does not provide for dismissal for counsel's failure to include the certification.

We note that in the present case, the petition for post-conviction relief was comprehensive and included specific allegations of fact to support each claim. The petition, however, was not signed by the petitioner or counsel and was not verified by the petitioner under oath. The trial court clerk was required by statute to file the petition upon receipt regardless of any deficiencies, including counsel's failure to sign the petition or have the petitioner verify the petition before filing it. *See* T.C.A. § 40-30-104(b). The petition was filed shortly before the one-year statute of limitations expired. *See id.* § 40-30-102(a). Moreover, because this court has rejected claims that counsel's failure to fully comply with Rule 28 justifies a new hearing, a dismissal based upon counsel's failure to comply with Rule 28 and follow the prescribed form of a petition would forever bar the petitioner from seeking post-conviction relief. *See, e.g., Thaddeus Johnson v. State*, No. W2014-00053-CCA-R3-PC, 2014 WL 7401989, at *9 (Tenn. Crim. App. Dec. 29, 2014), *perm. app. denied* (Tenn. May 18, 2015) (rejecting the petitioner's claim that he was

4

entitled to a new evidentiary hearing due to counsel's failure to comply with Rule 28). Finally, the deficiencies could have been easily corrected had the petitioner verified the petition under oath, as he attempted to do after the post-conviction court's judgment had become final. Based upon the unique circumstances of this case, we conclude that the post-conviction court should have provided the petitioner with a reasonable opportunity to correct the petition before summarily dismissing the petition.

## CONCLUSION

Based upon our review of the record and the applicable law, we reverse the judgment of the post-conviction court and remand the case to the post-conviction court for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE