# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs April 1, 2014

## ROBERT LEWIS WEBB V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-07591   James C. Beasley, Jr., Judge**

---

**No. W2013-01250-CCA-R3-PC  -  Filed August 27, 2014**

---

Pursuant to the terms of a negotiated plea agreement, Petitioner, Robert Lewis Webb, pled guilty to first-degree murder, aggravated rape, aggravated burglary, and aggravated robbery, and was sentenced to an effective life sentence without the possibility of parole. Petitioner subsequently filed an untimely pro se petition for post-conviction relief. He asserted, among other things, that the guilty plea was involuntary. Appointed counsel filed an amended petition, alleging that the statute of limitations should be tolled due to a new constitutional ruling, Petitioner's mental incompetence, and misconduct on the part of Petitioner's trial attorney. The post-conviction court dismissed the petition without an evidentiary hearing. Petitioner appealed. The State concedes that Petitioner is entitled to a hearing on whether the statute of limitations should be tolled. We determine that the post-conviction court erred by summarily dismissing the petition without an evidentiary hearing to determine whether due process requires that the statute of limitations be tolled. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Lance Randall Chism, Memphis, Tennessee, for the appellant, Robert Lewis Webb.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and Alana Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

On November 4, 2003, Petitioner was indicted by the Shelby County Grand Jury for first-degree premeditated murder, first-degree felony murder, aggravated rape, aggravated burglary, and aggravated robbery. On November 30, 2005, Petitioner agreed to plead guilty to felony murder, aggravated rape, aggravated burglary, and aggravated robbery. Pursuant to the negotiated plea agreement, Petitioner was sentenced to an effective life sentence without the possibility of parole.

On November 14, 2011, Petitioner filed a pro se petition for post-conviction relief alleging that his guilty plea was involuntary, that his confession was coerced, that his trial counsel was ineffective, and that he possessed newly discovered evidence. On November 22, 2011, counsel was appointed to represent Petitioner. Counsel filed an amended petition for post-conviction relief, claiming that the ruling in *Coleman v. State*, 341 S.W.3d 221 (Tenn. 2011), constituted a new rule of constitutional law that should be applied retroactively to Petitioner's case.[1] The State responded that the decision in *Coleman* did not establish a new rule of law that would entitle Petitioner to toll the statute of limitations. The State also asserted that *Coleman* only applied to death penalty cases.

On March 8, 2013, Petitioner filed an additional pleading in response to the State's motion to dismiss, asserting that the post-conviction statute of limitations should be tolled because he was mentally incompetent during the time that the petition should have been filed. Petitioner supported these claims with numerous affidavits and documents from medical professionals showing that Petitioner was borderline intellectually functioning, had paranoid schizophrenia, was unable to read and write, and had an overall lack of understanding of the law and the legal system.

On April 5, 2013, Petitioner filed a "Notice of Supplemental Authority," arguing that *Whitehead v. State*, 402 S.W.3d 615 (Tenn. 2013), should be applied to his case to toll the

---

[1]*Coleman v. State* addressed the issue of determining whether a person sentenced to death is intellectually disabled and thus immune from execution under Tennessee Code Annotated section 39-13-203, holding that courts are not limited to raw test scores on I.Q. tests but may consider competent expert testimony that the score may be inflated or deflated. *Coleman*, 341 S.W.3d at 224.

statute of limitations.[2]  Specifically, Petitioner alleged that trial counsel improperly advised him that he "may be able to get back into court because there may be a change in the law" and failed to advise him about his right to seek post-conviction relief.

On April 19, 2013, the post-conviction court dismissed the petition without an evidentiary hearing.  The post-conviction court ruled that *Coleman* did not establish a new rule of constitutional law and was not applicable to Petitioner's case because it "only addressed issues of intellectual disability that arise in the penalty phase of a death penalty case."  Additionally, the court held Petitioner's "obvious" mental health disabilities did not render him incompetent for due process purposes.  Finally, the post-conviction court ruled that Petitioner was not entitled to due process tolling pursuant to *Whitehead* because "there was a negotiated guilty plea, no false or improper information provided to [P]etitioner by trial counsel and there is nothing to indicate a valid due process violation of his rights."  Petitioner timely filed a notice of appeal.

*Analysis*

*I. Coleman v. State*

Under the Post-Conviction Procedure Act, relief is available when a conviction "is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."  T.C.A. § 40-30-103.  A petition for post-conviction relief must be filed within one year of the date on which the judgment became final if no direct appeal was taken.  T.C.A. §40-30-102(a).  Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id*., and provided only three narrow exceptions to the statute of limitations: (1) a final ruling by an appellate court announcing a new constitutional rule with retrospective application; (2) new scientific evidence establishing actual innocence; or (3) the invalidation of convictions underlying an enhanced sentence.  T.C.A. § 40-30-102(b).

Petitioner argues that the Tennessee Supreme Court's ruling in *Coleman* announced a new rule of constitutional law that should apply retroactively to his case.  *See Coleman v. State*, 341 S.W.3d 221 (Tenn. 2011).  However, our supreme court has already held that *Coleman* "was not a constitutional ruling."  *Keen v. State*, 398 S.W.3d 594, 609 (Tenn. 2012). *Coleman* primarily addressed the interpretation of Tennessee Code Annotated section 39-13-203(a), the statute that defines intellectual disability in the context of the death penalty. *See Coleman*, 341 S.W.3d at 230.  Any constitutional aspect of *Coleman* – that the execution of intellectually disabled persons violates the state and federal constitutions – is not new but

---

[2]*Whitehead v. State* addressed when the statute of limitations for post-conviction petitions may be tolled due to attorney abandonment or misconduct.  402 S.W.3d at 631.

involved a right that the supreme court "had already announced ten years earlier in *Van Tran* [*v. State*, 6 S.W.3d 257 (Tenn. 1999)]." *Keen*, 398 S.W.3d at 608-09 (footnote omitted).

Petitioner has asked that we reconsider the *Keen* decision's interpretation of *Coleman*. However, we are bound by the precedent set by our supreme court. Additionally, we see no reason to reconsider *Keen*'s interpretation of *Coleman* in this case, as *Coleman* specifically addressed the issue of intellectual disability in the context of death penalty sentencing. We agree with the post-conviction court that the ruling in *Coleman* does not apply in this case to toll the statute of limitations under Tennessee Code Annotated section 40-30-102(b)(1). However, that does not end our inquiry.

## *II. Due Process Tolling*
Our supreme court has held that the right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions. *See Burford v. State*, 845 S.W.2d 204 (Tenn. 1992); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for 'presentation of claims at a meaningful time and in a meaningful manner.'" *Seals*, 23 S.W.3d at 277-78 (quoting *Burford*, 845 S.W.2d at 207). "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)).

As this court has previously explained, "due process serves to toll the post-conviction statute of limitations for petitioners who face circumstances beyond their control . . . which preclude them from actively raising their post-conviction claims." *Crystle D. Rutherford v. State*, No. M2013-01575-CCA-R3-PC, 2014 WL 1669960, at *2 (Tenn. Crim. App., at Nashville, April 25, 2014) (citing *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001)). Our supreme court has identified three circumstances in which due process requires tolling the post-conviction statute of limitations: (1) when claims for relief arise after the expiration of the statute of limitations, *see Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995); (2) when a petitioner's mental incompetence prevents him from complying with the statute's deadline, *see Seals*, 23 S.W.3d at 279; and (3) when attorney misconduct or abandonment prevented the petitioner from filing a post-conviction petition within the statute of limitations, *see Whitehead*, 402 S.W.3d at 631. Petitioner has raised the second and third circumstances as reasons why the statute of limitations should be tolled in his case.

## *A. Attorney Misconduct*
Petitioner asserts that alleged misconduct on the part of his trial counsel should toll the statue of limitations. Petitioner alleges that his trial counsel never told him about the

possibility of filing a post-conviction petition and that he did not become aware of such relief until after the statute of limitations had expired. Additionally, Petitioner claims that his trial counsel made a comment to him on the day he entered his guilty plea to the effect that he might be able to get back into court because of a change in the law, which led Petitioner to believe that trial counsel "would be filing paperwork to get Petitioner back into court." Petitioner admits, however, that trial counsel never directly told Petitioner that he would be filing paperwork on Petitioner's behalf in the future.

As this Court has previously stated, "a hearing on due process concerns is not required nor intended every time a petitioner alleges that his untimely filing is due to his attorney's conduct." *Joseph Nelson v. State*, No. W2012-02234-CCA-R3-PC, 2013 WL 6001955, at *3 (Tenn. Crim. App., at Jackson, Nov. 12, 2013) (citing *Craig Robert Nunn v. State*, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5 (Tenn. Crim. App., at Nashville, Mar. 17, 2006)). To toll the statute of limitations for attorney misconduct or abandonment, a petitioner must make "a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead*, 402 S.W.3d at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010)). The extraordinary circumstance prong "is met when the [petitioner's] attorney of record abandons the [petitioner] or acts in a way directly adverse to the [petitioner's] interests, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." *Id*.

"Short of active misrepresentation, however, [the supreme court has] never held that trial or appellate counsel's inadvertent or negligent failure to inform his or her client of the right to file a post-conviction petition constitutes ineffective assistance of counsel" sufficient to toll the statute of limitations in post-conviction proceedings. *Smith*, 357 S.W.3d at 358; *see also Williams*, 44 S.W.3d at 468 n. 7. This Court has consistently held that "a petitioner's personal ignorance of post-conviction procedures, 'even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute' of limitations." *Joshua Jacobs v. State*, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App., at Nashville, Sept. 15, 2010) (quoting *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995)); *see also Joseph Nelson v. State*, No. W2012-02234-CCA-R3-PC, 2013 WL 6001955 (Tenn. Crim. App., at Jackson, Nov. 12, 2013); *James Wesley Osborne v. State*, No. E2010-01548-CCA-R3-PC, 2012 WL 953102 (Tenn. Crim. App., at Knoxville, Mar. 20, 2012); *Leah Joy Ward v. State*, No. W2009-00088-CCA-R3-PC, 2010 WL 481211 (Tenn. Crim. App., at Jackson, Feb. 11, 2010); *Kimberly Ruth Brown v. State*, No. M2007-00128-CCA-R3-PC, 2008 WL 886302 (Tenn. Crim. App., at Nashville, Apr. 2, 2008). As one panel of this Court put it, "the law is well settled that mere ignorance of the law concerning the statute of limitations, or even the existence of the statute of limitations, by whatever means (*other than mental incompetence*),

does not rise to the status of being violative of constitutional due process." *Guillermo Matiaz Juan v. State*, No. 03C01-9708-CR-00318, 1999 WL 76453, at \*2 (Tenn. Crim. App., at Knoxville, Feb. 18, 1999) (emphasis added). Therefore, while we find no merit in Petitioner's claim that the statute of limitations should be tolled for attorney misconduct or abandonment, we will still address the issue of whether the statute of limitations should be tolled due to Petitioner's mental incompetence.

### B. Mental Incompetence

If a petitioner is unable to bring a post-conviction claim within one year of the entry of the judgment of the trial court because of mental incompetence, due process may require that the statute of limitations be tolled. *Seals*, 23 S.W.3d at 279. A petitioner who is mentally incompetent throughout the limitations period would be legally incapable of asserting his or her constitutional rights in a timely post-conviction petition, and would, therefore, be denied the opportunity to challenge his or her conviction in a meaningful manner. *Id*. at 278. Therefore, "the failure to toll the limitations period would deny such a petitioner a fair and reasonable opportunity for the bringing of the [post-conviction] petition, and thus, would violate due process." *Id*. (quoting *Watkins v. State*, 903 S.W.2d 302, 307 (Tenn. 1995)) (alteration in original).

Until recently, a petitioner seeking to toll the statute of limitations for mental incompetence had to show that he or she was "unable either to manage his or her own personal affairs or to understand his or her legal rights and liabilities." *State v. Nix*, 40 S.W.3d 459, 461 (Tenn. 2001). However, the Tennessee Supreme Court decided that, "[i]n the interest of uniformity and simplicity, we have determined that the standards and procedures in [Tennessee Supreme Court Rule] 28, § 11 should henceforth be used in all post-conviction proceedings . . . in which the issue of the petitioner's competency is properly raised," including "when a petitioner seeks to toll the statute of limitations in [Tennessee Code Annotated section] 40-30-102(a) due to incompetency." *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 512 (Tenn. 2013). That standard of competency is:

> whether the petitioner possesses the present capacity to appreciate the petitioner's position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity.

Tenn. Sup. Ct. R. 28, § 11(B)(1). "The question is not whether the [petitioner] is able to care for himself or herself, but whether the prisoner is able to make rational decisions concerning the management of his or her post-conviction appeals." *Reid ex rel. Martiniano*, 396 S.W.3d at 513.

The *Reid ex rel. Martiniano* decision laid out very specific procedures for a post-conviction court to follow when the issue of mental incompetence is raised. The court should begin with a presumption that the petitioner is competent. *Reid ex rel. Martiniano*, 396 S.W.3d at 512. The petitioner "must make a prima facie showing that the [petitioner] is incompetent by submitting 'affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.'" *Id*. (quoting *Holton v. State*, 201 S.W.3d 626, 632 (Tenn. 2006)). "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." *Nix*, 40 S.W.3d at 464; *see* T.C.A. § 40-30-106(b), (f). If a prima facie showing is made, the post-conviction court will then "schedule a hearing to determine whether the [petitioner] is competent to manage his [or her] petition." *Reid ex rel. Martiniano*, 396 S.W.3d at 512. At the hearing, the burden is on the petitioner to prove "that he or she is mentally incompetent by clear and convincing evidence." *Id*. at 494 (citing T.C.A. § 40-30-110(f)).

Our supreme court has directed lower courts to apply the three-step test set out in *Rumbaugh v. Procunier* for determining competency:

> (1) Is the person suffering from a mental disease or defect?
>
> (2) If the person is suffering from a mental disease or defect, does that disease or defect prevent him from understanding his legal position and the options available to him?
>
> (3) If the person is suffering from a mental disease or defect which does not prevent him from understanding his legal position and the options available to him, does that disease or defect, nevertheless, prevent him from making a rational choice among his options?
>
> If the answer to the first question is no, the court need go no further, the person is competent. If both the first and second questions are answered in the affirmative, the person is incompetent and the third question need not be addressed. If the first question is answered yes and the second is answered no, the third question is determinative; if yes, the person is incompetent, if no the person is competent.

*Reid ex rel. Martiniano*, 396 S.W.3d at 513 (quoting *Rumbaugh v. Procunier*, 753 F.2d 395, 398-99 (5th Cir. 1985)). The focus of the inquiry is on rational decision making:

> A decision may be rational even when it is not one that the majority would

consider acceptable, sensible, or reasonable. A decision is rational when it is based on a process of reasoning. A person's decision-making process is rational when that person can (1) take in and understand information; (2) process the information in accordance with his or her personal values and goals; (3) make a decision based on the information; and (4) communicate the decision.

*Reid ex rel. Martiniano*, 396 S.W.3d at 513 (internal citations omitted).

Both the State and Petitioner agree that the post-conviction court erred when it dismissed the petition in this case without holding an evidentiary hearing to determine whether due process requires tolling of the statute of limitations because of Petitioner's mental incompetence. Petitioner asserts that he is borderline intellectually functioning, suffers from paranoid schizophrenia, and has other cognitive limitations and neurological problems. In his response to the State's motion to dismiss, Petitioner included affidavits from several medical professionals detailing his mental health history both prior to and during incarceration. These affidavits include observations about Petitioner's behavior, his reasoning and decision-making abilities, as well as test scores measuring his I.Q. and verbal comprehension. We find that these affidavits include specific factual allegations about Petitioner's incompetence and that Petitioner has, therefore, made the requisite prima facie showing. The post-conviction court erred when it summarily dismissed the petition without holding an evidentiary hearing to determine whether Petitioner was incompetent during the statute of limitations period under the standard set out in *Reid ex rel. Martiniano* and, thus, whether due process requires that the statute of limitations be tolled. We, therefore, reverse the decision of the post-conviction court and remand for a hearing in accordance with this opinion.

### *Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is reversed and remanded. The post-conviction court shall hold an evidentiary hearing, pursuant to this opinion, to determine whether the statute of limitations should be tolled due to Petitioner's mental incompetence during the limitations period.

_____
JERRY L. SMITH, JUDGE