IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2015

**TAURYS HALL v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 10-04809     John Campbell, Judge**

---

**No. W2014-00903-CCA-R3-PC  -  Filed September 25, 2015**

---

The Petitioner, Taurys Hall, filed a petition for post-conviction relief in the Shelby County Criminal Court.  The post-conviction court dismissed the petition as untimely, and the Petitioner challenges this ruling on appeal.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Randal G. Rhea, Memphis, Tennessee, for the appellant, Taurys Hall.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On August 3, 2010, a Shelby County Grand Jury indicted the Petitioner on one count of aggravated robbery.  On January 24, 2011, the Petitioner pled guilty to the charged offense.  Pursuant to the plea agreement, he received a sentence of eight years.

The Petitioner did not pursue any relief on the matter until March 28, 2014, when he filed a pro se petition for post-conviction relief alleging that his trial counsel was ineffective and that his guilty plea was not knowingly and voluntarily entered.  In the

petition, the Petitioner stated, "This is my very first appeal and with me being heavily medicated my understanding level was very low, now that I am off any type of meds I can properly bring my case." He also stated that he "was heavily medicated at the time for mental health problems" and that he had "a low IQ."

On April 7, 2014, the post-conviction court summarily dismissed the petition, finding that the petition was not timely filed and that "the petitioner has not stated grounds that would allow this Court to ignore the one-year statute of limitation contained in T.C.A. § 40-30-102(a)." On appeal, the Petitioner, now represented by counsel, challenges the dismissal of his petition, contending that the post-conviction court should have conducted an evidentiary hearing to determine whether due process mandated that the statute of limitations be tolled.

## II. Analysis

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a).

The record reflects that the Petitioner pled guilty and was sentenced on January 24, 2011. He was required to file his petition for post-conviction relief within one year of February 23, 2011, the date his judgment became final. See Tenn. Code Ann. § 40-30-102(a); State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). He did not file his petition until March 28, 2014, more than two years after the statute of limitations expired.

Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless: (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) "[t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted"; or (3) the claim in the petition "seeks relief from a sentence that was

enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ."

The statute of limitations may also be tolled in cases where its strict application would deny the petitioner "'a reasonable opportunity to assert a claim in a meaningful time and manner.'" Williams, 44 S.W.3d at 468 (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)). For example, in limited circumstances the post-conviction statute of limitation may be tolled for incompetent petitioners. State v. Nix, 40 S.W.3d 459, 463 (Tenn. 2001).

In 2013, upon discerning a need to clarify Nix, our supreme court held that "the standards and procedures in Tenn. Sup. Ct. R. 28, § 11 should . . . be used in all post-conviction proceedings . . . in which the issue of the petitioner's competency is properly raised." Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 512 (Tenn. 2013). Tennessee Supreme Court Rule 28, section 11(B)(1), states as follows:

> The standard for determining competency of a petitioner . . . is: whether the petitioner possesses the present capacity to appreciate the petitioner's position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity.

Our supreme court stated that "[i]n light of the importance our society ascribes to personal autonomy, the inquiry should begin with a presumption that the petitioner or prisoner is competent." Reid ex rel. Martiniano, 396 S.W.3d at 512. To initiate a competency analysis, the petitioner "must make a prima facie showing that [he] is incompetent by submitting 'affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing [his] incompetence.'" Id. (quoting Holton v. State, 201 S.W.3d 626, 634 (Tenn. 2006)). However, "[u]nsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal . . . ." Nix, 40 S.W.3d at 464; see Robert Lewis Webb v. State, No. W3013-01250-CCA-R3-CD, 2014 WL 4244028, at *5 (Tenn. Crim. App. at Jackson, Aug. 27, 2014), perm. to appeal denied, (Tenn. Jan. 20, 2015).

Post-conviction counsel argues that the Petitioner's medical records from the Tennessee Department of Correction show "that he was psychotic during the one year statute of limitations." However, he does not state specifically when the Petitioner's mental issues began or what the mental issues were; he alleged only that he was heavily medicated and had a low IQ. Our review of the petition reveals that the Petitioner made

"unsupported, conclusory, [and] general allegations of mental illness," which are insufficient to make a prima facie showing of incompetence. Therefore, we conclude that the post-conviction court did not err by dismissing the petition as untimely.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE