IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2020

## MICHAEL DELK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2015-C-2194    Mark J. Fishburn, Judge**

_____

### No. M2019-00842-CCA-R3-PC

_____

On September 21, 2015, the Davidson County Grand Jury indicted Petitioner, Michael Delk, for aggravated rape of a child, aggravated sexual battery, sexual exploitation of a minor, and ten counts of aggravated sexual exploitation of a minor. On May 4, 2017, Petitioner pled guilty to one count of rape of a child and one count of especially aggravated sexual exploitation of a minor. Pursuant to the plea agreement, the trial court sentenced Petitioner to serve twenty-seven years at one hundred percent for rape of a child and eight years at one hundred percent for especially aggravated sexual exploitation of a minor, consecutive to the first count, for a total effective sentence of thirty-five years to serve at one hundred percent. On July 20, 2018, Petitioner filed an untimely pro se Petition for Post-Conviction Relief.[1] After a hearing, the post-conviction court dismissed the petition as time-barred. Following a thorough review of the record and applicable case law, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Kevin Kelly, Nashville, Tennessee, for the appellant, Michael Delk.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Chad L. Butler, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] This petition was not included in the record. We gleaned this date from the post-conviction court's August 2, 2018 Order appointing counsel to represent Petitioner in this matter.

# OPINION

## Post-Conviction Hearing

Petitioner testified that his attorney for his May 4, 2017 plea submission hearing[2] was his second attorney but that he could not remember his name. Petitioner stated that his first attorney told him that he could not appeal from his plea. He said that the trial court also stated that he could have no appeal. Petitioner testified that the first time he learned that he could file a post-conviction petition was in June of 2018 after speaking with an "inmate advisor," Steven Chance. Petitioner stated that his attorney for his plea submission hearing did not tell him that he could file a post-conviction petition. He said that he never reached out to his attorney because, "to [his] understanding, that once [he] signed the deal, that's it, there was nothing else."

Petitioner testified that, due to the nature of his convictions, he was extorted by other inmates, saying, "[i]f I don't pay a certain amount of money a month, I get my butt whooped." He said that he could only shower at certain times to avoid threats. Petitioner stated that he was put in protective custody "at least four times" due to the threats where he was on "lock-down" for twenty-three hours per day. Petitioner stated that he could not access the law library when he was in protective custody.

Petitioner testified that he completed eighth or ninth grade and had been in special education classes due to an Attention Deficit Hyperactive Disorder (ADHD) diagnosis. He said that he currently had difficulty with reading and writing.

On cross-examination, Petitioner stated that he pled guilty to theft of property in 2000, burglary in 2001, fraud and negotiating worthless instruments in 2002, and possession of forged instruments in 2004. He agreed that he had been charged in several other crimes as well and had many experiences with different attorneys. He stated that he never asked anyone about whether he could "do [anything] about this" conviction because he did not trust anyone. Petitioner stated that Mr. Chance was an inmate in his pod, that he worked in the prison law library, and that he told Petitioner that he could file a post-conviction petition. After Petitioner requested his case file from his case manager, Mr. Chance filled out the paperwork for Petitioner. Petitioner stated that he never spoke to his prison case manager about his case. Petitioner said that he knew there was a law library, but he never spoke to the law clerk because he was "afraid[.]" Petitioner testified that he knew other sex offenders in prison, but he still never spoke to anyone about his case.

---

[2] The plea submission hearing transcript was not included in the record, but the Petition to Enter Plea of Guilty was signed on May 4, 2017.

The State argued that Petitioner's case did not "fall under any of the three specifically enumerated categories under which the statute of limitations would be tolled." The State also asserted that due process did not require the tolling of the statute of limitations because Petitioner did not diligently pursue his rights until after the statute of limitations had expired. In fact, the State argued that Petitioner was not diligently pursuing his rights. The State asserted that Petitioner's refusal to speak to anyone regarding the nature or circumstances of his conviction was "not beyond [P]etitioner's control." The State also objected to "ADHD being considered a learning disability that would make someone . . . unable to understand this concept" of post-conviction relief.

Post-conviction counsel argued that the due diligence analysis must take into consideration "the conditions of confinement and the reality of the prison system." Due to extortion and threats, post-conviction counsel argued, Petitioner was unable to discuss his legal situation with anyone at the prison. Moreover, because Petitioner had learning disabilities, he was unable to read or comprehend any of the information on his own. Post-conviction counsel stated, "[W]e've got somebody who is essentially functionally illiterate and a social pariah in a prison setting[;]" thus, Petitioner did not have a "reasonable opportunity to file this within . . . the running of the statute of limitations." Therefore, post-conviction counsel argued that "circumstances beyond [P]etitioner's control prevented [P]etitioner from filing a petition for post-conviction relief within the statute of limitations."

In its written order, the post-conviction court dismissed the Petition for Post-Conviction Relief. The order stated that Petitioner "waited almost a full year before he began inquiring about what legal options he may have had in this case." The post-conviction court determined that Petitioner is "not incompetent" and that it was Petitioner's "choice not to engage with the clerk in the law library or any other inmate or person who could help him with his case." The court concluded, "Discomfort about discussing the nature of one's charges simply cannot toll the statute of limitations."

Petitioner then sought permission from this court to late-file his notice of appeal.

## Analysis

Petitioner argues that the post-conviction court abused its discretion when it dismissed his post-conviction petition as untimely. He states that a "strict application of the statute of limitations" would deny him "a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001).

- 3 -

The State responds that Petitioner "did not offer a valid basis for due process tolling of the post-conviction statute of limitations[;]" therefore, the post-conviction court "properly dismissed the petition as untimely."

## Late-Filed Notice of Appeal

Initially, we note that Rule 4(a) of the Tennessee Rules of Appellate Procedure states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." However, in criminal cases, the notice of appeal is not jurisdictional, and this court may waive the timely filing requirement in the interest of justice. *Id.* To determine whether waiver is appropriate, "this [c]ourt will consider the nature of the issues presented for review, the reasons for and length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005).

In this case, the Petitioner filed his notice of appeal almost six months after the thirty-day deadline and asserts that post-conviction counsel did not receive his November 27, 2018 request to file an appeal until May 13, 2019. We waive the requirement for a timely filing of the notice of appeal in the interest of justice.

## Statutory Tolling

A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken[.]" Tenn. Code Ann. § 40-30-102(a) (2018). Subsection 40-30-102(b) provides that "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless" one of three narrow circumstances apply. A court does not have jurisdiction to consider a petition for post-conviction relief filed outside the one-year statute of limitations unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

- 4 -

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b) (2018). Petitioner concedes, and we agree, that he does not meet any of the three narrow circumstances enumerated in statutory law. However, because "the General Assembly may not enact laws that conflict with the Constitution of Tennessee or the Constitution of the United States," our supreme court has recognized other exceptions that can toll the running of the one-year statute of limitations. *Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). "Both [our supreme court] and the United States Supreme Court have recognized that fundamental due process requires that, once the legislature provides prisoners with a method for obtaining post-conviction relief, prisoners must be afforded an opportunity to seek this relief 'at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)).

## Due Process Tolling

In *Whitehead v. State*, our supreme court laid out three situations in which extraordinary circumstances require due process tolling of the statute of limitations. 402 S.W.3d at 623-624.

The first of the three circumstances involves claims for relief that arise after the statute of limitations has expired. *Whitehead*, 402 S.W.3d at 623. The second due process basis for tolling the statute of limitations involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. *Id.* at 624.

*Christopher Locke v. State*, No. E2015-02027-CCA-R3-PC, 2017 WL 1416864, at *4 (Tenn. Crim. App. Apr. 19, 2017), *no perm. app. filed*. The third exception occurs when attorney misconduct "might also necessitate" the tolling of the statute of limitations. *Whitehead*, 402 S.W.3d at 624. "Issues regarding whether due process require[s] the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Id.* at 621. The post-conviction court's findings of fact are binding on this court unless the evidence preponderates against them. *Id.* (citing *Smith v. State*, 357 S.W.3d 322, 336 (Tenn. 2011); *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009)).

*Mental Incompetence*

Petitioner concedes that his learning disability "fall[s] short of the bar set for legal incompetency[;]" nevertheless, he argues that his "intellectual shortcomings pose[d] a threat just as real to his ability to 'assert his constitutional rights in a post-conviction petition[.]'" Thus, Petitioner argues, his learning disability requires due process tolling under the second *Whitehead* exception to the statute of limitations. The State responds that Petitioner has failed to show mental incompetence.

In *Seals v. State*, our supreme court concluded that:

> while the one-year statute of limitations set forth in [Tennessee] Code [Annotated section] 40-30-202(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner. Thus, a petitioner who is mentally incompetent is denied an opportunity to raise a claim in a meaningful manner unless the statute of limitations is tolled during the period of mental incompetence.

23 S.W.3d 272, 279 (Tenn. 2000).

In *State v. Nix*, our supreme court held "that due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *State v. Nix*, 40 S.W.3d 459, 462 (Tenn. 2001). The court noted that "the mere assertion of a psychological problem" was not sufficient to require tolling. *Id.* at 463.

In *Reid ex rel. Martiniano*, a case in which a petitioner facing the death penalty sought to abandon his claim for post-conviction relief, our supreme court held that "henceforth, all competency determinations made in the context of post-conviction proceedings shall be conducted using the competency standards contained in Tenn. Sup. Ct. R. 28, § 11 and discussed in this opinion." *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 518 (Tenn. 2013). Our supreme court explained that Rule 28, section 11 would apply "not only when a petitioner seeks to withdraw a previously-filed petition for post-conviction relief, but also when a petitioner seeks to toll the statute of limitations in [Tennessee] Code [Annotated section] 40-30-102(a) due to incompetency[.]" *Id.* at 512. Tennessee Supreme Court Rule 28, section 11(B)(1) provides:

> The standard for determining competency of a petitioner to withdraw a post-conviction petition and waive further post-conviction relief under this section is: whether the petitioner possesses the present capacity to

appreciate the petitioner's position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity.

Tenn. Sup. Ct. R. 28, § 11(B)(1).

A petitioner bears the burden of proving incompetency by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2019); *see also Reid v. State*, 197 S.W.3d 694, 703 (Tenn. 2006). For the evidence to be clear and convincing there can be "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 221 (Tenn. 2009)) (internal quotation marks omitted). "Whether the evidence is clear and convincing is a question of law that appellate courts must review de novo without a presumption of correctness." *Reid ex rel. Martiniano*, 396 S.W.3d at 515. A petitioner must make a prima facie showing of incompetence. *See Nix*, 40 S.W.3d at 464. "[A] prima facie showing of mental incompetency requires more than conclusions or assertions[.]" *Holton v. State*, 201 S.W.3d 626, 634 (Tenn. 2006), *as amended on denial of reh'g* (June 22, 2006). "The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence." *Nix*, 40 S.W.3d at 464 (citing Tenn. Code Ann. § 40-30-204(e)).

Here, Petitioner testified that he had a learning disability and was in special education classes when he was in school. He stated that he was diagnosed with "[s]omething like A.D.H.D." and that he had difficulty reading and writing. Petitioner said that he completed eighth or ninth grade. He assisted Mr. Chance with the drafting of his post-conviction petition by requesting appropriate paperwork from his case manager. Further, he testified that he read his pro se petition and signed it before he filed it. Petitioner possessed the "capacity to appreciate [his] position and make a rational choice with respect to continuing or abandoning further litigation." Tenn. Sup. Ct. R. 28, § 11(B)(1). "[A] prima facie showing of mental incompetency requires more than conclusions or assertions[.]" *Holton*, 201 S.W.3d at 634. Petitioner has cited no "credible evidence that contain[s] specific factual allegations showing [his] incompetence." *Nix*, 40 S.W.3d at 464. Thus, Petitioner has not established incompetence by clear and convincing evidence. We agree with the post-conviction court that Petitioner "is not incompetent" and that it was Petitioner's "choice not to engage with the clerk in the law library or any other inmate or person who could help him with his case."

*Attorney Misconduct*

Petitioner argues that his attorney at his plea submission hearing abandoned him by failing to inform him of his right to a post-conviction appeal, necessitating the tolling of the statute of limitations. He argues that, because he "entered pleas to . . . the least sympathetic charges[, . . .] he did not have anyone going out of their way to help him or inform him of his rights" once in prison. The State responds that Petitioner has not diligently pursued his rights; therefore, the trial court properly dismissed the petition as untimely.

The third *Whitehead* exception allowing due process tolling of the statute of limitations is attorney misconduct. *Whitehead*, 402 S.W.3d at 624. Under the third exception, our supreme court concluded that a petition for post-conviction relief is entitled to due process tolling of the statute of limitations based upon the conduct of a petitioner's attorney when (1) the petitioner had been diligently pursuing his or her rights and (2) extraordinary circumstances prevented the timely filing of the petition. *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In explaining the first prong of the *Whitehead-Holland* analysis, our supreme court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (quoting *Whitehead*, 402 S.W.3d at 631). "Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Whitehead*, 402 S.W.3d at 631 (quoting *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)) (internal quotation marks omitted). The second prong of the due process tolling analysis "is met when the [petitioner's] attorney of record abandons the [petitioner] or acts in a way directly adverse to the [petitioner's] interests, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." *Id.* Additionally, due process tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Here, Petitioner's "conditions of confinement" included that, due to the threats and extortion, he was put in protective custody "at least four times" where he was on "lock-down" for twenty-three hours per day. Petitioner stated that he could not access the law library when he was in protective custody. Petitioner said that he was afraid to discuss his case with anyone due to the nature of his convictions. He did not speak to his case manager or anyone at the law library. However, after a year, he eventually approached

an "inmate advisor" from the law library who told him that he could file a post-conviction petition.

We cannot conclude that Petitioner was diligently pursuing his rights under the first prong of the *Whitehead-Holland* test. We agree with the trial court that nothing prevented Petitioner from seeking assistance from his case manager, the law library, or other inmates except his "discomfort about discussing the nature of [his] charges." Such discomfort "simply cannot toll the statute of limitations." We do not find this to be one of those rare cases in which it would be "unconscionable to enforce the limitation period against [Petitioner.]" *Whitehead,* 402 S.W.3d at 631-32.

Finally, though not necessary to address Petitioner's abandonment claim due to our *Whitehead* analysis, we note that, "'[s]hort of active misrepresentation, [our supreme court has] never held that trial or appellate counsel's inadvertent or negligent failure to inform his or her client of the right to file a post-conviction petition constitutes ineffective assistance of counsel' sufficient to toll the statute of limitations in post-conviction proceedings." *Christopher Locke*, 2017 WL 1416864 at *5 (citing *Smith*, 357 S.W.3d at 358.).

Because the petition is untimely and due process considerations do not require tolling of the statute of limitations, the post-conviction court properly dismissed the petition as time-barred.

## Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE